**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Sanders, et al; | ) CV 10-1264-PHX-MHM |
| | ) CV 10-1265-PHX-MHM |
| Plaintiffs, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Service Corporation International, et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| Eleanor Riggio, et al; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| Service Corporation International, et al., | ) |
| | ) |
| Defendant. | ) |

The Court has before it Defendants Service Corporation International, et al.'s motions to dismiss in the above referenced cases. (Doc. 31 in Sanders 10-1264 and Doc. 51 and Riggio 10-1265).  The Court has reviewed both motions and the responses of the Plaintiffs, Allen Sanders, et al. and Eleanor Riggio, et al., as well as the Defendants' replies.  Having determined that the motions address similar and related issues and that oral argument is unnecessary, the Court issues the following order.

1

2      **I.      Background**

3              **A.      The 2008 _Stickle_ Action**

4              On January 15, 2008, an action was filed entitled <u>Stickle, et al. v. SCI Western Market

5      Support Center, L.P., et al.</u> (Case no. 08-83) hereon referred to as <u>Stickle</u>).  In that case,

6      workers in the funeral industry, initiated a collective action against their employers asserting

7      claims under the Fair Labor Standards Act 29 U.S.C.A. § 216 ("FLSA") as well as other

8      related claims.  Attached to the <u>Stickle</u> complaint are consents to "Become a Party Plaintiff"

9      forms on behalf of each named plaintiff.  The consent forms initially state that the individual

10     consents to become a party plaintiff in "any Fair Labor Standards Act action," and later state

11     that the individual's authorization is for "this litigation" and limit the individuals

12     representation by counsel to "matters pertaining to this lawsuit".  Together with the

13     complaint, plaintiffs filed a motion for expedited collective action notification, in which they

14     sought to certify their various claims including claims that Defendants violated the FLSA by

15     maintaining an allegedly unlawful "on-call pay policy".  That motion was denied without

16     prejudice and plaintiffs were later permitted to file a single motion to conditionally certify

17     the lawsuit.  The <u>Stickle</u> plaintiffs filed their motion for conditional certification on

18     December 22, 2008, but they failed to move for certification on their FLSA claims regarding

19     the on-call policy. On September 30, 2009 the Court granted plaintiff's motion for conditional

20     certification, but found that the plaintiffs had waived their claims regarding the alleged on-

21     call policy, ruling that:

22             Because the Court directed Plaintiffs to file a single motion for notice, the Court will
               deem waived Plaintiff's claims for FLSA violations relating to Defendants' supposed
23             'On-Call Policy,' along with any additional subclasses that were not included in the
               instant motion.
24

25     (Case No. 08-83, Doc. 207).

26             In its order granting conditional certification, the Court identified a group of putative

27     class members to whom notice of the <u>Stickle</u> lawsuit would be sent.  The Court then ordered

28     Defendants to provide a list of names of the putative class members to plaintiffs.  Plaintiffs'

1   counsel was granted permission to send a specific Court-approved notice informing putative

2   class members of the nature of this lawsuit along with a Court-approved consent form that

3   putative class members could sign and return if they wanted to join the lawsuit. Those court-

4   approved notices and forms invite putative class members to join the <u>Stickle</u> suit, which was

5   identified by the parties' names, the names of the presiding judge, and the date of the Court's

6   order authorizing notice to be mailed. The consent form states that the putative class member

7   is joining "this action", "this litigation" and "this lawsuit" and does not indicate consent to

8   any other lawsuit. Indeed when deposed about the consent form, at least some of the

9   individuals who signed the forms testified that they were only consenting to the <u>Stickle</u>

10  lawsuit and not to any other action that might be brought on their behalf. This Court set a

11  60-day deadline for putative class members to join the <u>Stickle</u> lawsuit by filing opt-in consent

12  forms, which ended December 28, 2009. A number of opt-in forms were filed after the

13  deadline and these plaintiffs were, therefore, not part of the <u>Stickle</u> action. The <u>Stickle</u> action

14  is ongoing.

15        **B.    The 2010 <u>Riggio</u> Action**

16        On June 15, 2010, plaintiffs from the <u>Stickle</u> case, filed a new action entitled <u>Eleanor</u>

17  <u>Riggio, et al. v. Service Corporation International, et al</u> . Each of the named Plaintiffs in

18  <u>Riggo</u> was a plaintiff in <u>Stickle</u> and each of the <u>Riggio</u> defendants is also a <u>Stickle</u> defendant

19  The lawsuit is an attempt by the <u>Stickle</u> plaintiffs to bring a new action to assert the on-call

20  policy claims the <u>Stickle</u> court deemed waived in the prior lawsuit. The consent forms that

21  were filed on behalf of the named Plaintiffs in <u>Riggo</u> are the same consent forms submitted

22  on behalf of those same individuals to become plaintiffs in <u>Stickle</u>.

23        **C.    The 2010 <u>Sanders</u> Action**

24        Also on June 15, 2010 Plaintiffs including Allan Sanders, represented by the same

25  counsel who represented the <u>Stickle</u> plaintiffs, filed an action entitled <u>Allen Sanders, et al.</u>

26  <u>v. Service Corporation International, et al</u> asserting the same allegations brought in <u>Stickle</u>.

27  All of the defendants in the <u>Sanders</u> litigation are defendants in the <u>Stickle</u> case. The <u>Sanders</u>

28  plaintiffs are individuals who missed the opt-in deadline for the <u>Stickle</u> litigation but who

nonetheless believe they have claims against the _Stickle_ defendants.  Four of the five named plaintiffs in _Sanders_ were part of the putative class that received the Court ordered notice in _Stickle_.  The last Plaintiff, Angelo Fort is an alleged employee or former employee of the Defendants.  The consent forms that were filed on behalf of the named plaintiffs in _Sanders_ are the same consent forms submitted on behalf of those individuals to become plaintiffs in _Stickle_, with the exception of Angelo Fort, who it appears did not submit a consent form.

### D.    The Motions to Dismiss

The Defendants have filed motions to dismiss in both the _Riggo_ and _Sanders_ action, calling these "spin-off" actions.  The Defendants argue in part that the _Riggo_ action, brought by the same plaintiffs as in the _Stickle_ action and reasserting the on-call policy claims is barred by the doctrine of res judicata because the court's ruling that these claims had been waived was a ruling on the merits. The Defendants also state, without elaborating, that res judicata bars the _Sanders_ action.  In response to the motion to dismiss, the _Riggio_ Plaintiffs do not deny that they were party to the _Stickle_ action or that they are bringing the same on call policy claims that the Court previously deemed waived in the _Stickle_ case. Rather, they argue that because the _Stickle_ Court only ruled that the on-call policy claims had been waived, the _Riggio_ plaintiffs are not barred from bringing the claims in another case because they claim that this was not a ruling on the merits.  The _Riggio_ Plaintiffs explain that their lawsuit is not barred by the doctrine of res judicata and that Defendants have made no attempt to explain why it would be barred.   The Defendants' reply in _Riggio_ provides no elaboration as to why the _Riggio_ Plaintiffs are barred by the doctrine of res judicata.

The Defendants also argue in the motion to dismiss that because the consent forms in both the _Riggo_ and _Sanders_ actions were merely recycled from the _Stickle_ action, those complaints should be dismissed for failing to meet the filed consent requirement of Section 216(b) of the FLSA.  The Defendants also argue that in depositions, at least some of the plaintiffs in either _Riggio_ or _Sanders_ have testified that in signing the consent forms circulated for the _Stickle_ action, they were not consenting to any other action.  Both the _Riggio_ and _Sanders_ plaintiffs argue that because the consent forms do not include a specific

1  case caption and generally reference "this litigation",  they are appropriate for and provide

2  consent to whatever litigation in which they are filed.

3  **II.   Discussion**

4    **A.   Res Judicata Bars the <u>Riggio</u> Plaintiffs' Claims but not the <u>Sanders</u> Plaintiffs' Claims**

5  Res judicata bars a lawsuit when "a final judgment on the merits of an action

6  precludes the parties or their privies from relitigating issues that were *or could have been*

7  *raised* in that action."  <u>Allen v. McCurrey</u>, 449 U.S. 90, 94 (1980) (emphasis added).  Res

8  judicata bars an action when there is 1) identity of claims; 2) identity or privity between the

9  parties and 3) a final judgment on the merits.  <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956

10  (9th Cir. 2002).  In the <u>Riggio</u> case, the first two requirements are clearly met.  The <u>Riggio</u>

11  parties were all parties in the <u>Stickle</u> case and the Plaintiffs are bringing the same on call

12  policy claims the Court previously ruled they had waived in the <u>Stickle</u> action.

13  The <u>Riggio</u> Plaintiffs, however, argue that there has been no final judgment on the

14  merits of their on call policy claims.  The Court previously ruled on September 30, 2009 that

15  the <u>Stickle</u> plaintiffs had waived these claims by failing to include them in the single motion

16  for notice the court had previously ordered.  That ruling is a final judgment for purposes of

17  res judicata.  <u>See, e.g.</u>, <u>Mpoyo v. Litton Electro-Optical Systems</u>, 430 F.3d 985, 988-89 (9th

18  Cir. 2005) (holding that denial of a motion for leave to amend a complaint to add claims

19  constituted a final judgment on the merits of the claim for res judicata purposes); <u>see also</u>

20  <u>Sidhu v. Fletcto Co.</u>, Inc., 279 F.3d 896, 900 (9th Cir. 2002) (prior suit dismissed as untimely

21  was a final judgment on the merits for purposes of res judicata); <u>Marin v. Hew, Health Care</u>

22  <u>Financing</u>, 769 F.2d 590 (9th Cir. 1985) (denial of leave to file second amended complaint

23  based on statutory time bar was a final judgment on the merits for res judicata).

24  In addition, "[t]he overwhelming weight of Ninth Circuit precedent stands for the

25  proposition that res judicata bars not only all claims that were actually litigated, but also

26  claims that *could have been asserted* in the prior action, as long as the prior action resulted

27  in a final judgment on the merits." <u>Baker v. Voith Fabrics US Sales, Inc.</u>, 2007 WL 1549919

28

at * 5 (E.D. Wash. 2007) (emphasis added), <u>citing</u> <u>Tahoe Sierra Preservation Council, Inc.</u> <u>v. Taho Reg'l Planning Agency</u>, 322 F.3d 1064, 1078 (9th Cir. 2003); <u>Stewart v. U.S.</u> <u>Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002); <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 396 (1981). The <u>Stickle</u> litigation is ongoing, and since the <u>Riggio</u> plaintiffs are parties to the <u>Stickle</u> case and are attempting to assert claims they could have brought but waived in the <u>Stickle</u> action, their case must be dismissed.

Defendants also claim that the action brought by the <u>Sanders</u> plaintiffs, who did not timely opt into the <u>Stickle</u> action, is barred by the doctrine of res judicata. Defendants appear to have abandoned this argument in their reply.   In any case, because this is a collective action lawsuit brought under the Fair Labor Standards Act 29 U.S.C.A. § 216(b) rather than Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs who did not timely opt-in to the <u>Stickle</u> action would not necessarily be barred from bringing those claims in another case. <u>See</u> <u>Church v. Consolidated Freightways, Inc.</u>, 137 F.R.D. 294, 305 (N.D. Cal. 1991) (citing <u>Kinney Shoe Corp. v. Vorhes</u>, 564 F.2d 859 (9th Cir. 1977)).   Defendants have offered no reason why the <u>Sanders</u> action might be barred by the doctrine of res judicata.

### C.   Recycling <u>Stickle</u> Consent Forms for the <u>Sanders</u> Action, though Improper, Does not Warrant Dismissal

Defendants also argue that the Court should dismiss the <u>Sanders</u> complaint because the consent forms submitted in that FLSA collective action case are merely recycled from the <u>Stickle</u> action and do not represent consent to the <u>Sanders</u> litigation.   Defendants do not deny that the forms have been recycled, but argue only that the wording of the forms provide for consent to whatever action in which they are being filed.   In FLSA collective actions, unnamed plaintiffs must affirmatively opt-in to participate in the litigation. 29 U.S.C. § 216(b).   The statute provides that "[n]o employee shall be a party plaintiff to any [collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."    Defendants cite <u>Albritton v. Cagles, Inc.</u>, 2006 WL 2617126 (M.D. Ga. Sept. 12, 2006) in support of their argument that the recycled consent forms are not valid.  In <u>Albritton</u>, as in this case, lawyers representing plaintiffs in

1    an FLSA claim filed consent forms from a prior lawsuit in a new action on behalf of

2    plaintiffs who had missed the opt-in deadline in the prior action.  After reviewing the consent

3    form the court found that its terms "clearly and specifically invited said persons to join as

4    party plaintiffs in [the prior case], and not in this or any other suit which said persons may

5    seek to bring." 2006 WL 2617126 at * 2.  The court also found that "neither the notices nor

6    the blank consent forms suggested or otherwise inferred that counsel's representation of said

7    persons, should they chose to join [the prior lawsuit] existed beyond the limited confines of

8    that lawsuit."  Id.

9         The consent forms submitted by the Sanders plaintiffs do not in any way reference the

10   Sanders lawsuit.  Although the forms also do not specifically reference the Stickle lawsuit,

11   the Defendants allege (and the Plaintiffs do not deny) that the Sanders Plaintiffs received the

12   forms with notifications of the Stickle suit in order that they might opt into that lawsuit.  The

13   forms reference "this lawsuit" referring to the Stickle notification with which they were

14   mailed.  Neither the notice nor the form indicate that they were intended to be used in any

15   of multiple lawsuits that might be filed.  Therefore, in signing the forms, the Plaintiffs were

16   not consenting to any FLSA litigation counsel might bring on their behalf but rather to the

17   Stickle lawsuit.  This is confirmed by the deposition statements of some of the plaintiffs who

18   testified that they did not believe they were authorizing any lawsuit but the Stickle suit.  As

19   such, these consent forms do not appear to represent true consent by the Plaintiffs to the

20   Sanders action as required under 29 U.S.C. §216(b).

21        The Albritton case, however, does not support dismissal of the Sanders suit as the

22   Defendants claim.  Rather, the court in that case simply found that with respect to the forms

23   "that Plaintiffs may not utilize consents filed in [a prior case] to satisfy the Section 216

24   requirement to "opt in" as plaintiffs in this or any lawsuit other than [the prior case]."

25   Albritton, 2006 WL 2617126 at *2.  Although the court in Albritton did dismiss the case,

26   the dismissal was based on the fact that the court in the prior action had decertified the

27   collective action between the plaintiffs and defendants so that the Albritton case appeared

28   to be an attempt to make an end run around that ruling through new litigation. Id. at *3.

1    Indeed, at least one court that considered the issue of deficient consent forms

2  concluded that such forms do not warrant dismissal.   Mathis v. Quicken Loans, Inc., 2007

3  WL 3227598 (E.D. Mich. Sept. 7, 2007)  In Mathis, the defendants filed a motion to dismiss

4  an FLSA collective action because the plaintiffs' consent forms did not identify any case by

5  name, court or case number, nor did the forms identify the capacity in which the individual

6  worked for the defendants.   The court stressed that the FLSA did not provide specific

7  mandatory language for the consent forms. Id. at *8 More to the point, the court ruled that

8  even if the consent forms were deficient, there was no authority for granting a motion to

9  dismiss a FLSA collective action based on deficient consent forms. Id.  The Mathis court also

10 cited cases in which the court ordered plaintiffs to fix the deficiencies in their consent forms

11 rather than dismiss the action entirely. Id. at *8 (citing Heitmann v. City of Chicago, 2004

12 WL 1718420 *2 (N.D. Ill. July 30, 2004) The Court finds that allowing the Plaintiffs to

13 submit new consent forms is the appropriate course in this case.

14   Accordingly,

15   **IT IS HEREBY ORDERED** granting the Defendants' motion in the Riggio matter

16 with prejudice. (Doc. 51 and Riggio matter No. 10-1265)

17   **IT IS FURTHER ORDERED** denying the Defendants' motion in the Sanders matter.

18  (Doc. 31 in Sanders matter No. 10-1264)

19   **IT IS FURTHER ORDERED** directing the Plaintiffs in the Sanders Action to submit

20 new consent forms specific to this action by April 15, 2011.

21   DATED this 16th day of February, 2011.

22

23

24 _____

     Mary H. Murguia
25   United States District Judge

26

27

28